### In re OPINION OF THE JUDGES.

No. A-4284.    Opinion Filed April 19, 1922.
(205 Pac. 1109.)

Request by J. B. A. Robertson, Governor of the State of Oklahoma, for an opinion in the matter of the conviction for murder of Lee Peters, who was sentenced to death by electrocution. Opinion rendered.

Sir: In response to your official communication of March 28, 1922, addressed to this court, asking for an opinion, as provided in section 5969, R. L. 1910, in the matter of the conviction of Lee Peters of the crime of murder in the district court of Creek county, Okla., and who was on the 24th day of February, 1922, sentenced to death by electrocution on the 21st day of April, 1922, within the state penitentiary at McAlester, Okla., as by law provided, we hereby respectfully submit the following opinion of the Judges:

BESSEY, J. It appears from the transcript of the record submitted to us by you that Lee Peters was prosecuted in the district court of Creek county upon an information charging him with the murder of J. A. Anderson in said county on the 18th day of August, 1920, by shooting said Anderson with a shotgun, killing him instantly.

The information in this case was originally filed in the district court of Creek county on the 27th day of August, 1920. On the 15th of August, 1921, an order was made transferring the cause to the superior court of said county, where the cause was tried and a verdict rendered, September 8, 1921, finding the defendant, Lee Peters, guilty of manslaughter in the first degree and fixing his punishment at 10 years' imprisonment at hard labor in the state penitentiary. A motion for a new trial was filed and sustained by the court on September 27, 1921, a new trial was ordered, and the defendant was remanded into the custody of the sheriff of Creek county without bail.

On December 17, 1921, the cause was again ordered transferred to the district court of Creek county, where a second trial was had, resulting in a verdict for murder February 3, 1922. In due course the court, on February 24, 1922, rendered judgment on the verdict, in which the defendant was sentenced to the state penitentiary at McAlester, there to suffer death by electrocution on April 21, 1922.

It will be seen from the foregoing that 56 days intervened between the day of rendition of judgment and the day fixed for inflicting death by electrocution. The statutes of this state (chapter 113, Sess. Laws 1913) provide that the trial court shall appoint a day upon which such punishment shall be executed, which must be not less than 60 nor more than 90 days from the date of the rendition of such judgment. It was held by this court in the case of Noel v. State, 17 Okla. Cr. 308, 188 Pac. 688, that, where the time appointed for executing the death penalty is less than 60 days, that portion of the judgment is void. A part of the judgment rendered is as follows:

"It is further ordered, adjudged and decreed by the court that this judgment be executed in triplicate, and that the same be duly attested in triplicate by the clerk under the seal of the court, and that one triplicate copy thereof be filed in the office of the clerk of this court; that two triplicate copies thereof be by the clerk of this court immediately delivered to the sheriff aforesaid, one of said triplicate copies to accompany the body of the said defendant to the said penitentiary and to be there left, and to be the warrant and authority to the warden of the state penitentiary aforesaid for the imprisonment and the putting to death of said defendant, Lee Peters, and the other triplicate copy to be the warrant and authority of said sheriff for the transportation and imprisonment of said defendant, as hereinbefore provided, said last-named copy to be returned to said clerk of this court with the proceedings of said sheriff thereunder indorsed thereon."

That portion of the judgment and sentence of the court appointing the 21st day of April, 1922, as the day of executing the death penalty is void, for the reason that it is in direct violation of the statute above referred to, and the triplicate copy as delivered to the warden of the penitentiary to operate as a death warrant, authorizing said warden to execute the death penalty on April 21, 1922, is void, and constitutes no legal authority to enforce the death sentence.

Except as above stated, a careful examination of the entire record discloses that all the formalities of law essential to the rendition of a judgment involving the taking of human life were observed, in the manner and form provided by the laws of this state, and that, except as stated, the defendant throughout the trial was deprived of no statutory or constitutional right.

Seven witnesses testified on behalf of the state, and their testimony was amply sufficient to support the verdict rendered. The testimony on the part of the state, however, indicates that there was, or might have been some provocation on the part of the deceased calculated to bring about the difficulty, and that possibly the deceased, in the first instance, was the aggressor. For this reason we think it not improper to suggest that this is a case that might appeal to the conscience of the chief executive officer of the state as a proper case for the extending of executive clemency to the extent at least of modifying the sentence to life imprisonment.

DOYLE, P. J., and MATSON, J., concur.